# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**SHIRLEY A. TYUS**                                                    **PLAINTIFFS**


**v.**                           **CASE NO. 4:06-CV-00576 GTE**


**PATRICK BENCA**                                                     **DEFENDANTS**

## ORDER ON MOTION TO DISMISS

Presently before the Court is Defendant's Motion to Dismiss.  On September 14, 2006,

this Court ordered Plaintiff to "file an amended complaint stating with sufficient particularity the

basis of the Court's jurisdiction, the factual basis for her cause of action, and the acts of the

Defendant that constitute a violation of her rights by October 14, 2006."  Plaintiff was placed on

notice that if she did not comply with this Order, the Court had the authority to dismiss her

Complaint.

As noted by the Court in its previous order, Plaintiff's Complaint does not set forth the

basis for the Court's jurisdiction in this case.  The jurisdiction clause in the Complaint simply

states, "attorney in Little Rock, Arkansas."  Plaintiff's submission titled "A More Definite

Statement Attached," appears to be a letter written in regard to a former case filed by Plaintiff,

but does not clarify the basis of the Court's jurisdiction.[1]  Plaintiff's submission to the Court

dated November 13, 2006, which appears to be a response to Defendant's Motion to Dismiss,

Plaintiff alleges that Defendant violated her "Civil and Constitutional Rights (see paragraph #3).

---

[1]While the style of the letter indicates that it is in regard to *Tyus v. Conway Police Dept., et al*, 4:02-cv-00749 WRW, the fact that it was received by Magistrate Judge Cavaneau and the follow-up correspondence indicates that it is in regard to *Tyus v. Doe, et al*, 4:03-cv-00824 JMM.

This is unethical and unjust."  Paragraph three alleges that Defendant was "very negative" and "did not properly represent" Plaintiff "because he came to me with a prejudice in his heart against me the way he spoke to me.  Therefore, he went along with Conway Faulkner officials to do what they illegally did committing Writ of Habeas Corpus (illegally detaining me from my liberty and my freedom for 567 days, he claim time served, but the monitor official said he never heard of getting TIME SERVED and being put on a monitor to pay every week, being harassed by Probation Officer and still being sent away."

Plaintiff's Complaint and additional submissions to the Court allege that Patrick Benca withdrew her habeas corpus petition without her consent.  Additionally, Plaintiff makes claims alleging that Patrick Benca conspired with the Arkansas Department of Corrections and the Faulkner County Circuit Court to put Plaintiff on a leg monitor and to cause her to report to the Arkansas Department of Corrections when she should not have been required to be there. Plaintiff concludes her complaint by stating, "I file this complaint because I feel since the judge appointed P. Benca, I feel he did not do his best to help me, he went along with the prosecutor D.C. and J.M. there in Conway, Faulkner County, Arkansas.  He, Patrick Benca did not have my best interest at heart.  He was friends with the officials there in Conway, Faulkner County, Arkansas."

Based upon these statements, it appears that Plaintiff is alleging an action under Title 42 U.S.C. § 1983.  "[T]he essential elements of § 1983 liability [are]: (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right."  *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 777 (8th Cir. 2001) (citing *Board of County Commissioners of Bryan County, Oklahoma v. Brown,*

520 U.S. 397, 403-04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)); *see also Okla. City v. Tuttle*, 471 U.S. 808, 829, 105 S.Ct. 2427, 2439, 85 L.Ed.2d 791 (1985) (Brennan, J., concurring). However, "[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations." *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (citing *Harkins v. Eldredge,* 505 F.2d 802, 803 (8th Cir.1974) (per curiam); *Eling v. Jones,* 797 F.2d 697, 699 (8th Cir.1986), *cert. denied,* 480 U.S. 917, 107 S.Ct. 1371, 94 L.Ed.2d 687 (1987)).  Furthermore, Plaintiff's allusion to a conspiracy between her attorney and the prosecutor or prosecutors is inadequate.  *Id.* (citing *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983) (per curiam) (allegations must at least include that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding" and provide some facts suggesting a meeting of the minds)).  Therefore, Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

IT IS THEREFORE ORDERED THAT the Defendant's Motion to Dismiss (Docket #13) shall be, and it is hereby, GRANTED.

Dated this 6th day of December, 2006.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE